UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRY LEE BUNION,

    Petitioner,

-vs-                                                    Case No. 8:15-cv-760-T-36MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, a Florida prisoner, initiated this action for habeas corpus relief pursuant to 28 U.S.C. Section 2254 (Dkt. 1). Upon consideration of the petition, the Court ordered Respondent to show cause why the relief sought in the petition should not be granted (Dkt. 5). Thereafter, Respondent filed a response (Dkt. 6) and a supplemental response (Dkt. 10) to the petition in compliance with this Court's instructions and with the Rules Governing Section 2254 Cases in the United States District Courts. Although afforded the opportunity (*see* Dkts. 5, 9), Petitioner did not file a reply to either the response or supplemental response.

Petitioner alleges three claims in his petition:

    1.    "Trial counsel was ineffective for failing to raise viable strategy of defense;"

    2.    "Trial counsel was ineffective for failing to have Petitioner tested for the disease trichomoniasis;" and

    3.    "Trial court abused its discrection [sic] by allowing the prosecutor to improperly asked [sic] Petitioner to comment on the credibility of previous witnesses during cross examination."

## I. PROCEDURAL HISTORY

Petitioner was convicted of trespass in a structure with a human being inside and sexual battery (Respondent's Ex. 1, Vol. V, pp. 829-30). He was sentenced to 364 days on the trespass conviction, and 30 years on the sexual battery conviction (*Id.*, pp. 837-46). The convictions and sentences were affirmed on appeal (Respondent's Ex. 5).

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure, alleging ineffective assistance of trial counsel (Respondent's Exs. 7, 9). The motion was denied after an evidentiary hearing (Respondent's Exs. 11, 12). The denial of the motion was affirmed on appeal (Respondent's Ex. 15).

Petitioner thereafter filed his federal habeas petition in this Court (Dkt. 1).

## II. GOVERNING LEGAL PRINCIPLES

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

### A. Standard of Review Under the AEDPA

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

2

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28

U.S.C. § 2254(e)(1).

**B. Standard for Ineffective Assistance of Counsel**

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

**III. ANALYSIS**

**Ground One**

Petitioner contends that trial counsel was ineffective in failing to present a viable defense that the victim falsely accused him of sexual assault because he did not fix her car after she paid him $500. In state court, Petitioner raised this claim in Ground One of his Rule 3.850 motion (Respondent's Ex. 7, pp. 2-3). In denying the claim, the state post-conviction court stated:

> In claim one, Defendant alleges counsel was ineffective because he did not present the defense theory that Defendant wanted him to present at trial. Specifically, Defendant states he took money from the victim and agreed to repair the transmission of her car. Defendant alleges when he subsequently failed to fix the victim's car of [sic] give her back the money, the victim made the false allegations against him. Defendant states if counsel had presented this theory at trial, the outcome would have been different.
>
> At the evidentiary hearing, Defendant's trial counsel, Everett George, testified that Defendant never mentioned getting paid to fix the victim's car. (*See* Transcript, March 25, 2013, pp. 15-16, attached). Mr. George testified that after Defendant was granted a new trial, he presented the defense as discussed with Defendant, which was consistent with the defense presented at the first trial. (*See* Transcript, March 25, 2013, pp. 16-17, attached). Mr. George testified that he never refused to put on a defense for Defendant. (*See* Transcript, March 25, 2013, p. 17, attached). Upon further review of the record, the Court finds that the record reflects Defendant testified about the victim's car trouble but did not mention he was paid to fix the vehicle. (*See* Trial Transcript, pp. 442- 451, attached).
>
> The Court finds Mr. George's testimony to be credible, and further finds that his testimony is consistent with the record. Based on the testimony presented at the evidentiary hearing and the record, the Court finds that Defendant has not established deficient performance.

(Respondent's Ex. 12, pp. 1-2).

This Court cannot say that the state court – in concluding that counsel did not render deficient

5

performance in failing to present the defense that the victim made false allegations against Petitioner because he took money from her to fix her car but never fixed her car or returned the money – reached a result that was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or was based on an unreasonable determination of the facts in light of the evidence. Counsel testified that "[t]here was information about a car that [the victim] had that was not working, that [Petitioner] looked underneath the hood. He pointed out certain things or what have you with regards to the car. But as far as getting paid $500 and - - that never came up." (Respondent's Ex. 11, transcript p. 15). Counsel denied that Petitioner told him that he wanted to raise the defense that the victim made the false allegations against him because he did not repair her car after she paid him to do so (*Id.*, transcript p. 16).

In rejecting the claim, the state court found counsel's testimony to be credible. A federal habeas court must defer to factual findings of the state court. 28 U.S.C. § 2254(e)(1). Petitioner does not overcome the presumption of correctness afforded to the state court's determination that counsel's testimony was credible. *See Baldwin v. Johnson*, 152 F.3d 1304, 1316 (11th Cir. 1998) ("We must accept the state court's credibility determination and thus credit [the attorney's] testimony over [the petitioner's]."); *Devier v. Zant*, 3 F.3d 1445, 1456 (11th Cir. 1993) ("Findings by the state court concerning historical facts and assessments of witness credibility are . . . entitled to the same presumption accorded findings of fact under 28 U.S.C. § 2254(d)."). *See also Gore v. Sec'y, Dep't of Corr.*, 492 F.3d 1273, 1300 (11th Cir. 2007) ("A certain amount of deference is always given to a trial court's credibility determinations. That the case is before us on habeas review heightens that deference.") (citations omitted).

Petitioner does not overcome this presumption of correctness by clear and convincing evidence. *See Rolling v. Crosby*, 438 F.3d 1296, 1301 (11th Cir. 2006) ("The factual findings of the

state court, including the credibility findings, are presumed to be correct unless [the petitioner] rebuts the presumption by clear and convincing evidence.") (citing 28 U.S.C. § 2254(e)(1)). Although he testified at trial that the victim had car trouble and he looked under the car's hood (Respondent's Ex.2, Vol. IV, pp. 442-51), he never mentioned that the victim paid him to fix the car. He argues that "since [he] testified [at trial] about the victim's car trouble, this would indicate that he did mention the fact of being paid to work on this car. . . ." (Dkt. 1, p. 4). While Petitioner's trial testimony does establish that he and the victim discussed the problem with her car and he looked under the car's hood, it does not suggest, let alone establish by clear and convincing evidence, that he told counsel that the victim paid him to fix the car.

The testimony the state court found credible provides that Petitioner never told counsel that the victim paid him to fix her car. Counsel therefore was not ineffective in failing to present this evidence, since he was not aware of it. *See Sims v. Singletary*, 155 F.3d 1297, 1316 (11th Cir. 1998) ("Counsel cannot be deemed deficient for failing to present additional evidence of mitigation of which they were unaware due to Sims's refusal to assist them in obtaining the information."); *Franklin v. Sec'y, Fla. Dep't of Corr.*, 2014 U.S. Dist. LEXIS 170030, at *21 (M.D. Fla. Dec. 9, 2014) ("Counsel could not be ineffective for failing to call a witness of whom he was unaware.").

Petitioner does not establish that the state court's rejection of this claim was contrary to or an unreasonable application of *Strickland* or based on an unreasonable determination of the facts. Accordingly, he is not entitled to relief on Ground One.

**Ground Two**

Petitioner contends that trial counsel was ineffective in failing to have him tested for the disease trichomoniasis. He argues that the testing would have exonerated him because it would have

7

shown that he did not have the disease, and the victim testified that she was infected with the disease by her attacker. In state court, Petitioner raised this claim in Ground Two of his Rule 3.850 motion (Respondent's Ex. 7, pp. 3-4). In denying the claim, the state post-conviction court stated:

> In claim two of Defendant's amended motion, Defendant alleges counsel was ineffective for failing to have him tested for "trichomoniasis." Defendant states the test results, if favorable to Defendant, would have exonerated him because the victim alleged she received the disease from her attacker and a test would have shown he is not infected. Defendant alleges this would have proved he could not have been the victim's attacker and the source of the trichomoniasis.
>
> At the evidentiary hearing, Mr. George testified he employed Dr. Ed Whiley to advise him about trichomoniasis. (*See* Transcript, March 25, 2013, pp. 17, attached). He testified that Dr. Whiley sent him relevant materials, indicating information that trichomoniasis was asymptomatic. (*See* Transcript, March 25, 2013, pp. 17, attached). Mr. George testified that after consulting with Dr. Whiley, he determined it may not be beneficial to test Defendant and also determined that he could use this lack of testing to argue that the State failed to meet its burden of proof. (*See* Transcript, March 25, 2013, pp. 18-19, attached). Mr. George testified that he discussed this matter with Defendant and Defendant agreed to the strategy especially because counsel could make the burden-of-proof argument. (*See* Transcript, March 25, 2013, pp. 19-20, attached). Upon further review of the record, the Court finds that the record reflects the defense team did indeed make this claim in closing arguments. (*See* Trial Transcript, pp. 521-522, attached).
>
> The Court finds the testimony of Mr. George to be credible and further finds that his testimony is consistent with the record. Based on the testimony presented at the evidentiary hearing and the record, Defendant has not demonstrated deficient performance.

(Respondent's Ex. 12, pp. 2-3).

The state court's denial of this claim was not contrary to, nor did it involve an unreasonable application of clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts in light of the evidence. Defense counsel testified that he hired an expert witness, Dr. Ed Whiley, to "basically review the literature on Trichomonas. . .[and] used him as a tool as to gauge how [he] should proceed with. . .that aspect of the testimony or the evidence. . . ." (Respondent's Ex. 11, transcript p. 17). Counsel decided not to have Petitioner tested because Dr.

Whiley told him that "Trichomonas was something that's asymptomatic[,]. . .very hard to detect in men[, and]. . .testing would [not] be beneficial." (*Id.*, transcript pp. 17-18). Counsel further determined that he could use the State's failure to have Petitioner tested to his advantage, since the State had the burden of proof and failed to present evidence that Petitioner had trichomoniasis (*Id.*, transcript pp. 17-19). Counsel discussed this strategy with Petitioner, and Petitioner "liked" the strategy (*Id.*, transcript p. 19).

Petitioner does not demonstrate that the state post-conviction court made an objectively unreasonable determination when it found that counsel was not ineffective. First, Petitioner fails to show deficient conduct by counsel in deciding not to have him tested for trichomoniasis. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Thus, counsel's "decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle v. Sec'y, Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007) (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).

Counsel consulted with an expert physician regarding trichomoniasis, and the physician indicated that testing likely would not be beneficial to Petitioner. Counsel also determined that he could use the lack of testing to argue that the State failed to meet its burden of proof. Indeed, during closing statements, counsel argued that the victim had trichomoniasis, Petitioner was tested for other sexually transmitted diseases but never trichomoniasis, and there was no evidence Petitioner had trichomoniasis (Respondent's Ex. 2, Vol. IV, pp. 521-22). Given this, Petitioner fails to establish that counsel's decision not to have him tested for trichomoniasis fell outside the range of reasonable strategic decisions. Accordingly, he does not demonstrate that the state court's conclusion was an unreasonable application of *Strickland*.

Second, Petitioner fails to demonstrate any prejudice as a result of counsel's strategy, since he has not established that he did not have trichomoniasis at the time of the offense. Petitioner testified that he never has been tested for trichomoniasis (Respondent's Ex. 11, record pp. 71, 91). In light of that fact, and the evidence that trichomoniasis is frequently asymptomatic, Petitioner's assertion that testing would have revealed that he did not have trichomoniasis is simply speculative. Speculative assertions are insufficient to show prejudice under *Strickland*. *See Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (holding that vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim).

Because he does not demonstrate that the state court's denial of this claim was contrary to *Strickland* or that the state court unreasonably determined the facts in denying this claim, Petitioner is not entitled to relief on Ground Two.

**Ground Three**

Petitioner complains that the state trial court abused its discretion by allowing the prosecutor to improperly ask him to comment on the credibility of other witnesses during cross-examination. In state court, Petitioner raised this claim on direct appeal (Respondent's Ex. 3). The State conceded that the questions were improper, but argued that the impropriety was harmless (Respondent's Ex. 4).[2] The appellate court affirmed without a written opinion (Respondent's Ex. 5).

Initially, this claim does not present a federal claim cognizable on federal habeas review.

---

[2] The prosecutor asked Petitioner whether: (1) "Mr. Tozier was not entirely truthful" when he testified that Petitioner had told him that he was "romantically involved" with the victim (Respondent's Ex. 2, Vol. IV, p. 464); (2) "the lady from the convenience store. . .was untruthful when she said [the victim] was quiet. . ." (*Id*., pp. 464-65); (3) [the victim] herself above all people has not been honest. . ." (*Id*., p. 465); (4) ". . .Detective Pauley also was untruthful when he came in here under oath?" (*Id*., p. 471); and (5) ". . .Detective Pauley was dishonest when he came in here and said that you told him instead you went only to your mother's rather than go back to her house. . ." (*Id*., p. 474).

Federal habeas relief is only available if a state prisoner is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). "[F]ederal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension." *Wainwright v. Goode*, 464 U.S. 78, 83 (1983). Thus, a claim that only presents a question of state law is not cognizable in a federal habeas petition. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988). Here, Ground Three presents only a state law claim based on the trial court's abuse of discretion in allowing the prosecutor to ask Petitioner to comment on the credibility of other witnesses. Accordingly, the claim is not cognizable on habeas review. Moreover, even if the Court were to construe the claim as asserting a federal constitutional violation, it would fail on the merits.

The Eleventh Circuit has held "that it is improper to ask a testifying defendant whether another witness is lying." *United States v. Schmitz*, 634 F.3d 1247, 1268 (11th Cir. 2011). Nevertheless, Petitioner has not cited any binding authority, and this Court is not aware of any, from the United States Supreme Court holding that it is improper to ask a testifying defendant whether another witness is lying. *See, e.g., Carrillo v. Arnold*, 2017 U.S. Dist. LEXIS 30633, at *28 (E.D. Cal. Mar. 2, 2017) ("[T]he Supreme Court has never held that a prosecutor commits misconduct when he asks a defendant whether a witness is lying."). Accordingly, Petitioner cannot show that the state appellate court's denial of this claim was contrary to clearly established federal law. *See Glebe v. Frost*, 574 U.S. ___, ___, 135 S. Ct. 429, 431 (2014) (per curiam) ("[C]ircuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.'") (quoting 28 U. S. C. §2254(d)(1)). Moreover, the prosecutor's questions were not so egregious as to render Petitioner's trial fundamentally unfair, *see Hong v. Sec'y Dep't of Corr.*, 478 F. App'x 648, 651 (11th Cir. 2012) ("If the prosecutor's comments did not render a defendant's trial fundamentally unfair, habeas relief is not available."), and the state trial court instructed the jurors that it was their job to decide who was

telling the truth (Respondent's Ex. 2, Vol. IV, pp. 544-46). *See United States v. Rivera*, 780 F.3d 1084, 1099 (11th Cir. 2015) ("any error created by the prosecutor asking the 'were-they-lying' questions was harmless and not a persuasive ground for reversal."); *United States v. Thomas*, 62 F.3d 1332, 1343 (11th Cir. 1995) (concluding that curative instruction rendered allegedly prejudicial remark harmless).

Because Petitioner does not demonstrate that the state appellate court's denial of this claim was contrary to clearly established federal law, Petitioner is not entitled to relief on Ground Three.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

It is therefore **ORDERED AND ADJUDGED** that:

1. The Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The **Clerk** is directed to enter judgment accordingly and close this case.

3. This Court should grant an application for a Certificate of Appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make this showing. Accordingly, a Certificate of Appealability is **DENIED** in this case. And because Petitioner is not entitled to a Certificate of Appealability, he is not entitled to proceed on appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida on February 27, 2018.

Charlene Edwards Honeywell
United States District Judge

Copies to: Petitioner *pro se*; Counsel of Record